UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LORETTA JEAN McHOWARD,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:14-CV-01266-MHH |
| **CAROLYN W. COLVIN,**<br>**Commissioner of the**<br>**Social Security Administration,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. § 1383(c), plaintiff Loretta Jean McHoward seeks judicial review of a final adverse decision of the Commissioner of Social Security. After careful review, the Court affirms the Commissioner's decision.

## PROCEDURAL HISTORY

Ms. McHoward applied for supplemental security income on March 22, 2011.¹ (Doc. 7-6, p. 2). Ms. McHoward alleges that her disability began on July 1, 2010. (Doc. 7-6, p. 2). The Commissioner denied Ms. McHoward's claim on June 15, 2011, and Ms. McHoward requested a hearing before an administrative law

---

[1] The ALJ cites March 15, 2011 as the date on which Ms. McHoward applied for supplemental security income benefits; however, the record indicates that Ms. McHoward submitted her application on March 22, 2011. (Doc. 7-6, p. 2). The discrepancy in dates is immaterial and does not change the outcome of the Court's decision.

judge ("ALJ"). (Doc. 7-3, pp. 21-29). Like the Commissioner, the ALJ denied Ms. McHoward's application for benefits. (Doc. 7-3, pp. 21-29). Afterwards, the Appeals Council declined Ms. McHoward's request for review. (Doc. 7-3, pp. 2-4). Consequently, the Commissioner's decision became final. (Doc. 7-3, pp. 2-4). That decision is a proper candidate for this Court's judicial review. *See* 42 U.S.C. § 1383(c).

## STANDARD OF REVIEW

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [her] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In making this evaluation, the Court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation and citation omitted). If the ALJ's decision is supported by substantial

evidence, the Court "must affirm even if the evidence preponderates against the Commissioner's findings." *Costigan v. Comm'r, Soc. Sec. Admin.*, ---Fed. Appx. ----, 2015 WL 795089, at *2 (11th Cir. Feb. 26, 2015) (citing *Crawford*, 363 F.3d at 1158).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## SUMMARY OF THE ALJ'S DECISION

To determine whether a claimant has proven that she is disabled, an ALJ follows a five-step sequential evaluation process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Ms. McHoward has not engaged in substantial gainful activity since March 15, 2011.  (Doc. 7-3, p. 23).  The ALJ determined that Ms. McHoward suffers from the following severe impairments: panic disorder without agoraphobia, fibromyalgia, hypertension, gastroesophageal reflux disease (GERD), obesity, diabetes mellitus, major depressive disorder, and osteoarthritis.  (Doc. 7-3, p. 23).  Nevertheless, the ALJ concluded that Ms. McHoward does not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Doc. 7-3, p. 23).

The ALJ also determined that Ms. McHoward retains the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is able to lift and/or carry 20 pounds at a time; frequently lift and/or carry objects weighing up to 10 pounds.  She is able to sit six out of an 8-hour work day; stand/walk six hours out of an 8-hour day.  The claimant is restricted from climbing ladders, ropes or scaffolds; can occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl.  She can frequently reach, push and/or pull with her upper extremities; should avoid all exposure to workplace hazards (e.g., dangerous machinery and unprotected heights); and concentrated exposure to temperature extremes.  The claimant can understand, remember and carry out simple tasks; frequently finger/handle; and perform jobs involving non-confrontational supervision.  She can maintain attention and concentration for two-hour periods at a time, when considering the effects of her impairments and medication; and can have occasional interaction with coworkers, supervisors and the general public.

(Doc. 7-3, pp. 24-25). Based on this RFC, the ALJ concluded that Ms. McHoward is unable to perform her past relevant work because she has no past relevant work.[2] (Doc. 7-3, p. 27). Relying on testimony from a vocational expert, the ALJ found that jobs exist in the national economy that Ms. McHoward can perform, including information clerk, cashier, and mail clerk. (Doc. 7-3, p. 28). Accordingly, the ALJ determined that Ms. McHoward is not disabled as defined in the Social Security Act. (Doc. 7-3, p. 29).

## ANALYSIS

Ms. McHoward argues that she is entitled to relief from the ALJ's decision because the ALJ did not give proper weight to the opinion of Ms. McHoward's treating physician, Dr. Jeremy Allen. The Court disagrees.

A treating physician's medical opinion is entitled to considerable weight if supported by the evidence and consistent with the doctor's own records. *See Winschel*, 631 F.3d at 1179. An ALJ may refuse to give the opinion of a treating physician "substantial or considerable weight . . . [if] 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the

---

[2] Under 20 C.F.R. 416.965(a), "past relevant work" consists of work that the claimant performed in the 15 years preceding the date when the claimant's alleged disability began. The ALJ found that Ms. McHoward has no past relevant work because she has not held a full-time job since 1995. (Doc. 7-3, p. 45). Ms. McHoward alleges that her disability began on July 1, 2010. (Doc. 7-6, p. 2). The determination that Ms. McHoward has no past relevant work, if erroneous, did not prejudice Ms. McHoward because the ALJ proceeded to the fifth and final step of the disability evaluation. (Doc. 7-3, p. 22).

evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41; *see also Crawford*, 363 F.3d at 1159.  The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. 2013) (internal quotation and citation omitted).

In this case, the ALJ articulated specific reasons for affording Dr. Allen's opinion little weight.  (Doc. 7-3, pp. 26-27).  The ALJ gave Dr. Allen's opinion little weight because:

> [the opinion is] inconsistent with the type and level of treatment received.  Moreover, on November 1, 2010, six months prior to his MSS, [Dr. Allen] noted that the claimant's osteoarthritis was controlled by [Naprosyn].  On that same occasion, he recommended the claimant increase her activity.  [Dr. Allen's] notes also reflect that the claimant was routinely noncompliant with medication, health maintenance and visits.  His treatment notes contradict the opinion reflected in his medical source statement.

(Doc. 7-3, p. 27; Doc. 7-8, p. 20) (internal citation omitted).

Dr. Allen completed a physical capacity evaluation of Ms. McHoward on June 29, 2011.  (Doc. 7-8, p. 81).  Dr. Allen concluded that Ms. McHoward can lift 10 pounds occasionally or less frequently, sit four hours out of an 8-hour day, and stand one hour out of an 8-hour day.  (Doc. 7-8, p. 81).  Dr. Allen noted that Ms. McHoward can occasionally make pushing and pulling movements, exercise fine manipulation (finger dexterity), bend, stoop and reach; but never climb stairs,

ladders, or balance. (Doc. 7-8, p. 81). Dr. Allen determined that Ms. McHoward can operate motor vehicles and work around dust, allergens, fumes, etc., but not work around hazardous machinery. (Doc. 7-8, p. 81). Dr. Allen noted that Ms. McHoward's pain is substantial enough to prevent her from adequately performing daily work and to cause distraction from tasks or total abandonment of tasks. (Doc. 7-8, p. 82).

Dr. Allen's opinion regarding Ms. McHoward's physical condition is inconsistent with Ms. McHoward's treatment and medical records. (Doc. 7-8, pp. 16-24, 27-31, 81-83; Doc. 7-9, pp. 4, 7, 20). Since Ms. McHoward applied for supplemental security income, she saw Dr. Allen on three occasions: May 18, 2011; October 5, 2011; and January 24, 2012. (Doc. 7-8, pp. 16-24, 27-31, 81-83; Doc. 7-9, pp. 4, 7, 20). During Ms. McHoward's May 2011 examination, Dr. Allen removed Ms. McHoward from her medication for pain, Naprosyn (NSAID), and noted that Ms. McHoward's pain level was a 3 out of 10. (Doc. 7-9, p. 20). In October 2011, Ms. McHoward reported her pain level was a 5 out of 10, and Dr. Allen prescribed Tramadol; however, Dr. Allen noted that Ms. McHoward had taken no medication that day and suggested that Ms. McHoward increase her activity and lose weight. (Doc. 7-9, p. 7). During Ms. McHoward's January 2012 examination, she told Dr. Allen that she "fe[lt] much better" and that her pain level was a 3 out of 10. (Doc. 7-9, p. 4).

During all of her visits with Dr. Allen, Ms. McHoward's pain levels never rose above a 6 out of 10. (Doc. 7-8, pp. 16, 18, 20, 22, 24, 27, 29; Doc. 7-9, pp. 4, 7, 20). With the exceptions of Tramadol (a narcotic-like pain reliever) prescribed in October 2011 and Lortab (a narcotic pain reliever) prescribed in April of 2011, Ms. McHoward has kept her pain under control since 2007 with nonsteroidal anti-inflammatory drugs (NSAID). (Doc. 7-7, pp. 36-37, 54-58; Doc. 7-8, pp. 3, 13, 15-20, 22, 24, 27, 29, 31, 43-44; Doc. 7-9, pp. 4, 7, 10, 20, 29).[3]

Because Dr. Allen did not explain the discrepancies between his opinion and his treatment and medical records for Ms. McHoward (Doc. 7-8, pp. 16-24, 27-31, 81-83; Doc. 7-9, pp. 4, 7, 10), the Court finds good cause to give the treating physician's opinion less weight. Consequently, the ALJ's decision is supported by substantial evidence. *Crawford*, 363 F.3d at 1159–61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those physicians' opinions regarding the claimant's

---

[3]The ALJ also relied upon Dr. Allen's November 1, 2010 consultation with Ms. McHoward as a basis for discrediting Dr. Allen's records of opinion because Dr. Allen's opinion is inconsistent with Ms. McHoward's treatment records. (Doc. 7-3, p. 27). Ms. McHoward argues that the ALJ erred by relying on Dr. Allen's November 1, 2010 findings because this visit occurred more than four months before her alleged onset of disability. (Doc. 9, p. 10). Ms. McHoward argues that she was not disabled at the November 1, 2010 consultation and that her disability instead began on March 15, 2011. (Doc. 9, p. 10). Ms. McHoward's argument is inconsistent with her application for benefits, in which she identified her onset of disability as July 1, 2010. (Doc. 7-6, p. 2). The ALJ considered Ms. McHoward's claim only from March 15, 2011 because she did not file her application until that date; however, this does not preclude the ALJ from considering Dr. Allen's treatment notes before the date of Ms. McHoward's application. *See* 20 C.F.R. §§ 416.330, 416.335. Because Dr. Allen's November 1, 2010 consultation with Ms. McHoward occurred after the date of Ms. McHoward's reported onset of disability, July 1, 2010, the ALJ did not err by considering Dr. Allen's November 1, 2010 consultation.

disability were inconsistent with the physicians' treatment notes and unsupported by the medical evidence); *see also Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed. Appx. 862 (11th Cir. 2012) (substantial evidence supported the ALJ's decision to give less weight to a treating physician's opinion when the doctor's opinion was "inconsistent with the medical evidence on record and was not supported by any treatment notes or by an analysis of any test results").

## CONCLUSION

For the reasons discussed above, the Court finds that the ALJ's decision is supported by substantial evidence, and the ALJ applied proper legal standards. The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Accordingly, the Court affirms the Commissioner's decision in denying Ms. McHoward's claim for supplemental security income benefits.  The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this June 15, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE